**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

ROBERT PRIGNOLI, ESQ.
475 Bement Avenue
Staten Island, New York 10310
Ph: (718) 815-7800
Attorney for Griffon Loring, LLC.
Prignoli@aol.com
-----------------------------------------------------------------X

IN RE:

LORING ESTATES LLC.,                                   Chapter 7

                                                       Case No. 12-45757 (NHL)

                          Debtor.
-----------------------------------------------------------------X

### GRIFFON LORING LLC'S OPPOSITION TO TRUSTEE'S
### MOTION FOR THE SALE OF SEVEN (7) BROOKLYN PROPERTIES

The Chapter 7 Trustee, Robert L. Geltzer has moved this Court for leave to sell seven (7)

Brooklyn properties (the "Parcels"), inter alia, to Welton R. E. Corp.

Griffon Loring LLC. ("Griffon") is the title owner of the Parcels and brings this

opposition for the purpose of protecting its interest in the Parcels and to avoid any prejudice that

might accrue to it should in the event the Court orders a sale of the Parcels. This is Griffon's first

appearance in this Case, as it was served with the Trustee's Motion, which it now opposes.

The Trustee's Motion should be denied for the following reasons:

## PRELIMINARY STATEMENT

1. On or about August 10, 2012 Creditor DLJ Mortgage Capital Inc. ("DLJ") moved this Court to lift the Bankruptcy stay with respect to Debtor's real property.

2. On October 17, 2012 the Honorable Barbara Hersey Lord issued an Order lifting the Bankruptcy stay with respect to all Debtor's real property including the Parcels herein. A copy of the October 17, 2012 Order is attached hereto as Exhibit A.

3. Following the lifting of the Bankruptcy stay, creditor DLJ proceeded to enforce its $48 million judgment lien against Debtor's assets.

4. On December 12, 2012 the Sheriff of Kings County held an auction sale of Debtor's real property.

5. Griffon attended the Sherriff's sale on December 12, 2012 at which time Under Sheriff Joseph Fucito, who conducted the sale, confirmed that the sale included all 21 of Debtor's properties as set forth below.

6. Griffon's bid was the highest at $3,300,000.00.

7. On December 12, 2012 Griffon paid to the Sheriff of the City of New York (the "Sheriff") the sum of $3,300,000.00 in consideration for the purchase of 21 Brooklyn properties at a Sheriff's judgment lien auction sale.

8. The properties are as follows:

| | |
|---|---|
| 1387 Stanley Avenue | 1432 Loring Avenue |
| 1389 Stanley Avenue | 418 Amber Street |
| 1391 Stanley Avenue | 436 Sapphire Street |
| 1417 Stanley Avenue | 438 Sapphire Street |
| 1419 Stanley Avenue | 434 Amber Street |
| 1421 Stanley Avenue | 1442 Loring Avenue |

1427 Stanley Avenue                607 Emerald Street
1429 Stanley Avenue                1393 Stanley Avenue
627 Emerald Street                 444 Sapphire Street
424 Amber Street                   446 Sapphire Street
434 Sapphire Street

(collectively the "Properties").

A copy of the deed for the Properties is attached hereto as Exhibit B.

9.  On January 3, 2013, Under Sheriff Joseph Fucito executed a deed conveying to Griffon the
    entire 21 Properties and delivered the deed to Griffon's agent Barristers Abstract who
    accepted the deed on behalf of Griffon.

10. Through its agent Barrister Abstract, Griffon accepted the delivery of the deed.

11. Unbeknownst to Griffon the Sheriff without Griffon's knowledge or consent filed and
    caused to be recorded on March 28, 2013 a so called "Correction Deed" which listed Sheriff
    as Grantor and Griffon as Grantee and showed a conveyance of only 12 of the Properties. A
    copy of the Correction Deed is attached hereto as Exhibit C.

12. The so called Correction Deed executed and recorded without Griffon's knowledge or
    consent and was never delivered to nor accepted by the Grantee.

13. Without Griffon as grantee signing the Correction Deed thereby agreeing to the
    reconveyance of the 9 Properties, it has no legal effect. In addition the fact that there was no
    delivery and acceptance of the Correction Deed makes it void ab initio.

14. Nonetheless, in order to remove any cloud on title to the Properties, Griffon commenced
    an action to quiet title to the Properties.

15. On or about April 4, 2018 Griffon filed a special proceeding in Supreme Court Kings
    County to quiet title to the Properties. A copy of the Notice of Petition and Petition is
    Exhibit A to Exhibit D attached hereto.

16. Included in Exhibit A of Exhibit D is the Memorandum of Law which sets forth the legal basis that Griffon contends would compel the Supreme Court to issue an order to declare Griffon the sole title holder of all the Properties.

## TRUSTEE'S COUNSEL'S SABOTAGE

17. In an act of bad faith the Trustee's counsel Robert Wolf of Tarter Krinsky & Drogin LLP. On May 10, 2018 sent a letter to the Honorable Wavny Toussaint, the King's County Supreme Court Judge hearing Griffon's special proceedings, falsely claiming the Parcels herein are subject to a Bankruptcy stay.  A copy of Mr. Wolf's letter is attached hereto as Exhibit E.

18. As a direct consequence of Mr. Wolf's false and misleading letter to Judge Toussaint, she denied Griffon's Petition without prejudice based upon Mr. Wolf's (false) representation that the Parcels are currently subject to a Bankruptcy stay from this Court. A copy of Judge Toussaint's Order is attached hereto as Exhibit F.

19. On or about June 20, 2018 Griffon filed a Motion to Renew and Reargue the Petition which is scheduled to be heard before Judge Toussaint on July 11, 2018. A copy of the Motion to Renew and Reargue is attached hereto as Exhibit D.

## SHERIFF'S SALES ARE GOVERNED BY THE CPLR

20. CPRL §5236 governs the sale of real property on an execution of a judgment lien.

21. DLJ had availed itself of this procedure for the sale of the Properties for which Griffon paid $3.3 million at the Sheriff's auction.

22. Although DLJ was the creditor technically the Seller is the Sheriff's office. Griffon purchased the Properties from the Sheriff, not DLJ the judgment creditor. ***First Federal Savings & Loan Association v. Mckee.*** 61 Misc. 2d 693.

23. The procedure for correcting any irregularities with a sheriff's sale is governed by CPLR §2003 which states that:

> "At any time within ***one year*** after a sale made pursuant to a judgment or order, but not thereafter, the court upon such terms as may be just, may set aside for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect."

24. Neither the Sheriff, DLJ, the Trustee herein nor the Debtor, moved in Supreme Court pursuant to CPLR §2003 to vacate or modify the Sheriff's sale that was lawfully conducted on December 12, 2012.

25. The Trustee's Motion herein seeks to make an end run around the one year statutory period to modify the Sheriff's sale of December 12, 2012 and have this Court make what would be akin to a declaratory judgment to the effect that Griffon has no ownership interest in the Parcels.

26. This Court should reject the Trustee's attempt to cover up its own negligence in failing to avail itself of state court action within the statutory one year period. There can be no second bite at the apple.

27. Obviously the Trustee is not satisfied with the status quo but the fact is the legislature imposed a one year period to correct irregularities in sheriff's sales so that a purchaser thereunder could have finality without a worry that a creditor or other party can challenge ad infinituim the legitimacy of title to properties purchased at such a sale. ***Murphy v. Grid Realty Corp.***, 73 Misc.2d 1071.

## ABSTENTION IS APPROPRIATE IN THIS CASE

28. Colorado River abstention applies in this case where there is a parallel state court proceeding and the potential for conflict is apparent. ***Colorado River Water Conservation District v. United States***, 424 US 800.

29. The Supreme Court in the **Colorado** case (supra) set forth six (6) factors in determining if federal courts should abstain, namely:

    1.   Whether one of the courts has assumed jurisdiction over any property in issue;

    2.   The inconvenience of the federal forum;

    3.   The potential for piecemeal litigation;

    4.   The order in which the forums obtained jurisdiction;

    5.   Whether federal or state law will be applied; and

    6.   The adequacy of each forum to protect the parties' rights.

30. Since there is a pending case in Supreme Court Kings County coupled with the fact that the Sheriff's sale herein is a creature of State law, the Supreme Court action should prevail and abstention is appropriate.

## BANKRUPCY COURT RELINQUISHED JURISDICTION OVER THE PARCELS

31. According to the October 17, 2012 Order of Judge Nancy Hershey Lord lifted the automatic stay for DLJ:

> "(2) to enforce all of their rights and remedies with respect to the Debtor and its assets in satisfaction of their respective judgment liens."

32. Nowhere in the Order is there any language limiting DLJ's remedies to pursue only part of Debtor's assets.

33. Once the Bankruptcy stay was lifted DLJ proceeded to enforce its judgment lien against the Properties belonging to Debtor.

34. And pursuant to the aforementioned Sheriff's sale Griffon was the highest bidder and acquired the Properties.

35. A review of the Sheriff's Deed in Exhibit A recites the basis for DLJ's judgment lien sale and the provence of the conveyance:

> "Whereas, a certain execution was issued out of the Supreme Court, new York County, on the 18th day of January 2012, on a judgment entered in the Supreme Court, New York County, in an action of DLJ MORTGAGE CAPTIAL INC., Plaintiff against Thomas Kontogiannis et al., Defendants, on the 3rd day of DECEMBER 2011, in favor of DLJ MORTGAGE CAPITAL, INC., Judgment Creditor, against LORING ESTATES, LLC., Judgment Debtor for the sum of forty-eight million, two hundred sixty seven thousand, tow hundred four dollars and eighty-three cents ($48,267,204.23) as appears by the transcript and judgment roll filed in the office of the Clerk of the Supreme court, New York County on the 3rd day of DECEMBER 2011, and docketed with the Kings County Clerk on the 5th day DECEMBER 2012."

36. There is no doubt that DLJ's judgment lien was enforced against all Debtor's assets which include all the entirety Properties (including the Parcels) which were sold to Griffon at the Sheriff's sale.

37. The last paragraph of Judge Nancy Hersey Lord's October 17, 2012 Order refers to the Court retaining jurisdiction over the implementation of the Order.

38. This provision does not authorize this Court to retain jurisdiction over the Properties after the lifting of the Bankruptcy stay, it merely refers to retaining jurisdiction to insure the Order is complied with.

39. Upon the lifting of the stay and subsequent sale of the Debtor's assets, the Order was fully and completely implemented and complied with thereby obviating any further need for Court jurisdiction over the Properties.

## GRIFFON'S OFFER

40. Notwithstanding the foregoing, in the alternative, should this Court assert jurisdiction and consider the Trustee's Motion, Griffon hereby offers to purchase the Trustee's interest, such as it is, for $75,000.00 or $5,000.00 greater than the offer of Welton R. E. Corp.

WHEREFORE, Griffon respectfully requests the Court deny the Trustee's Motion to sell the Parcels in general and to Welton R. E. Corp in particular.

Dated: Staten Island, New York
       June 29, 2018

_____
ROBERT PRIGNOLI, ESQ.
Attorney for Griffon Loring LLC.
475 Bement Avenue
Staten Island, New York 10310
718-815-7800
Prignoli@aol.com