**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation*
*Counsel to the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Robert A. Wolf, Esq.
rwolf@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
**In re**                                              **Chapter 7**

**LORING ESTATES LLC,**                                **Case No. 12-45757 (NHL)**

          **Debtor.**
-------------------------------------------------------------------------x

**DECLARATION OF ROBERT A. WOLF, ESQ. TO MAKE SECOND SUPPLEMENTAL DISCLOSURE ON BEHALF OF TARTER KRINSKY & DROGIN LLP, SUBSTITUTE SPECIAL LITIGATION COUNSEL TO THE TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTION 327, BANKRUPTCY RULE 2014 AND LOCAL BANKRUPTCY RULE 2014-1**

      Robert A. Wolf, Esq., declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, to the best of his knowledge and based upon the information available to him, as follows:

      1.     I am an attorney duly admitted and in good standing to practice before the United States District Court for the Eastern District of New York. I am a partner of the firm of Tarter Krinsky & Drogin LLP ("**TKD**"), whose retention as Substitute Special Litigation Counsel to Robert L. Geltzer, the Chapter 7 trustee (the "**Trustee**") of the above-captioned Debtor, was authorized, effective as of July 29, 2014, pursuant to an Order of this Court entered on December 23, 2014.

2. I am submitting this Declaration for the purpose of making a second supplemental disclosure with respect to TKD in connection with the instant bankruptcy case, pursuant to Section 327 of the United States Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Local Rules of this Court.

3. On June 6, 2018, TKD, on behalf of the Trustee, served and filed the Trustee's motion (the "**Trustee's Motion**") seeking an Order of this Court authorizing the Trustee to sell to a third party, Welton RE Corp., the estate's fee and attendant realty interests in seven (7) properties located in Brooklyn, New York (the "**7 Properties**"). An entity called Griffon Loring LLC ("**Griffon Loring**") has asserted in certain lawsuits in the Supreme Court of the State of New York that it holds the fee interests in the 7 Properties. In the Trustee's Motion, the Trustee has set forth and included as exhibits thereto documentary evidence which the Trustee submits conclusively establishes that it is the Debtor's estate, not Griffon Loring, that owns those fee interests. Accordingly, in the Trustee's Motion, the Trustee has requested that, should the Court enter an Order granting the Trustee's Motion, the Order contain a provision decreeing that Griffon Loring has no interest in the 7 Properties and that the estate's realty interests therein should be sold free and clear of any alleged interest of Griffon Loring therein.

4. As set forth in my Declaration (the "**First Declaration**") with respect to TKD's first supplemental disclosure, which was efiled with this Court on June 7, 2018: (a) certain documents reviewed by TKD indicated that the managing member of Griffon Loring is an individual named Darshan Shah; (b) Darshan Shah is the father of Michael Shah; (c) Michael Shah is the managing partner of Delshah Capital, LLC ("**Delshah Capital**"); and (d) Delshah Capital is a client of TKD, for whom TKD performs services in transactional real estate matters, including acquisition, financing and leasing of properties, none of which services has any

relation whatsoever to the instant bankruptcy case or to any of the services performed by TKD on behalf of the Trustee in this case. As also set forth in my First Declaration, TKD, upon its due diligence inquiry, was informed that Delshah Capital neither has any ownership interest in Griffon Loring, nor any actual or asserted interest in the 7 Properties. That information was furnished to TKD by the Chief Financial Officer of Delshah Capital.

5. In my First Declaration, I respectfully submitted that, in light of all of the foregoing, there was no conflict of interest in connection with TKD's representation of the Trustee in this case and its representation of Delshah Capital in wholly unrelated matters, but that in an abundance of caution, TKD was establishing an ethical wall at the firm to avoid even an appearance of conflict or of potential conflict with respect to its continued representation of the Trustee in this case. Specifically, pursuant to said ethical wall:

- None of the TKD attorneys and legal assistants who perform services on behalf of Delshah Capital will perform any services on behalf of the Trustee in this case, and none of the attorneys and legal assistants who perform services on behalf of the Trustee in this case will perform any services on behalf of Delshah Capital.

- The TKD attorneys and legal assistants who perform services on behalf of Delshah Capital shall be prohibited from access to any of TKD's files with respect to this bankruptcy case.

- The TKD attorneys and legal assistants who perform services on behalf of the Trustee shall be prohibited from access to any of TKD's files with respect to Delshah Capital.

6. Subsequently, on July 2, 2018, Michael Shah had a communication with the principal TKD partner who performs services on behalf of Delshah Capital, in which Michael Shah indicated that he never formalized the transfer of his membership interest in Griffon Loring to Darshan Shah, that thus he, Michael Shah, still holds a significant membership interest in Griffon Loring and that that fact might put TKD in a conflict situation. On the same date, Michael Shah sent said TKD partner a copy of Griffon Loring's operating agreement which

indicates that Michael Shah holds a 99% membership interest in Griffon Loring and his father Darshan holds a 1% membership interest therein.  Until the aforesaid information was received by the TKD partner on July 2, 2018, TKD had no knowledge that Michael Shah holds any membership interest in Griffon Loring.

7. Rather than engage in any issue as to whether the foregoing places TKD in a conflict situation under the pertinent ethical rules, in order to avoid any appearance of impropriety, henceforth TKD will cease performing any services on behalf of the Trustee in connection with the Trustee's Motion and the 7 Properties.  TKD has been informed the Trustee intends to retain another firm to substitute for TKD with respect to these matters.

Dated: New York, New York
　　　　July 11, 2018

　　　　　　　　　　　　　　　　　　　　　　*/s/  Robert A. Wolf*
　　　　　　　　　　　　　　　　　　　　　　Robert A. Wolf
　　　　　　　　　　　　　　　　　　　　　　rwolf@tarterkrinsky.com